■ JOSEPH D. BEN-DAK, Appellant, v GARY SAZER et al., Respondents. [730 NYS2d 224] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about September 27, 2000, which, *inter alia*, denied plaintiff's motions to compel defendant's immediate release of certain funds that defendant is allegedly holding in escrow, and to refer certain alleged misconduct by defendant's attorney to the disciplinary authorities, unanimously affirmed, without costs.

Issues of fact exist as to whether the parties agreed that the proceeds realized from the sale of plaintiff's stock should remain in escrow beyond the completion of the sale transaction, i.e., whether the escrowing of the proceeds was intended for the benefit of the stock purchaser or plaintiff. To release the subject funds to plaintiff would be, in effect, to decide in his favor that defendant was his attorney, rather than his co-venturer, and thereby prematurely determine the merits of the action. While critical of the attorneys for both sides, the IAS court refused to initiate disciplinary or other punitive action against either, and we perceive no reason to disturb that ruling at this time. Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.